[Crim. No. 1867. Second Appellate District, Division One.—January 14, 1930.]

THE PEOPLE, Respondent, v. WILLIAM HOMAN et al., Appellants.

R. E. Parsons, J. L. Granttham, Joseph W. Ryan and Frank J. Ryan, for Appellants.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendants appeal from a judgment rendered against each of them pursuant to their conviction on each of four counts in an information wherein they were charged with the crime of bribery. They also appeal from an order denying their motion for a new trial.

Briefly, the facts relating to each of the four counts of bribery appear to be that the two defendants, who were traffic officers of the city of Los Angeles and who operated together at night in a large outlying district, stopped a Japanese (who at that time was driving an autotruck), for assumed violation of the traffic ordinance. What followed thereafter, as claimed by the prosecution, is illustrated by the testimony given by one of the prosecuting witnesses as follows:

"He say stop. I stop. He say how many miles. I say 30 miles. He say 45 miles. He say too much speed. He say, 'Got any chauffeur license.' I say, Yes. He say no signs license. He say no chauffeur license. 40 miles speed. He say, go 10 days go to jail. . . . He say, want go there? I say, no, don't. You have money? Yes, I give you. He say, thank you."

One of the alleged errors which occurred at the trial related to the refusal of the trial court to permit defendant to show the motive which actuated each of the prosecuting witnesses in giving the testimony upon which the prosecution and conviction of defendants depended.

On cross-examination of one of the prosecuting witnesses, counsel for defendants asked certain preliminary questions for the asserted purpose of laying a foundation to show "interest and bias." Objections by the People to each of such questions, as well as to a statement as to what facts were expected to be proved, and which statement was accepted as an "offer of proof," were sustained by the trial court. Thereafter, in the case in chief for defendants, both by attempted preliminary questions of the prosecuting wit-

ness, as well as by formal "offer of proof," defendants sought (but by order of the trial court were prevented from so doing) to introduce evidence affecting the "motives" of the prosecuting witness.

Among other things, section 1847 of the Code of Civil Procedure provides that, although a witness is presumed to speak the truth, such presumption may be repelled by evidence affecting his motives; and that the provisions of such statute are applicable to the facts of the instant case is attested by a long line of authorities appearing in 27 California Jurisprudence, page 124 et seq.

The evidence of the guilt of defendants consisted almost entirely of the testimony of the Japanese truck-driver to the effect as hereinbefore set forth. The defense consisted not only of a complete denial of the facts to which the prosecuting witness had testified, but also a well-supported alibi and considerable testimony by which the good reputation for honesty and integrity of each of the defendants was sought to be established. In such circumstances, the refusal of the trial court to permit defendants to show the motive which actuated the prosecuting witness in the premises may have been most prejudicial to the substantial rights of defendants.

The judgment and the order denying the motion for a new trial are reversed.

Conrey, P. J., and York, J., concurred.